Citation Nr: 1334651 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 08-03 313 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a total disability rating for compensation purposes based on individual unemployability due to service- connected disabilities (TDIU).

2. Entitlement to service connection for blood clot in the left leg.

3. Entitlement to service connection for gout.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Barone, Counsel


INTRODUCTION

The Veteran served on active duty from March 1977 to May 1992.

With regard to the TDIU issue, this matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). This matter was previously before the Board in March 2010 and in June 2011, when the issue was remanded for additional development. The Veteran testified at a Board hearing in September 2008. A transcript of that hearing is of record.

With regard to the issues of entitlement to service connection for blood clot in the left leg and for gout, these matters come to the Board on appeal from a January 2009 RO rating decision. The Veteran filed a notice of disagreement with the denial in February 2009 and a statement of the case was issued in November 2009. Shortly after the issuance of the statement of the case, the claims file was moved from the RO and sent to the Board. At the time of the Board's March 2010 remand, the period of time during which the Veteran may have filed a timely Form 9 to perfect his appeal of those claims had only recently expired while the claims-file was at the Board. See 38 C.F.R. § 20.302 (2010) (noting that the substantive appeal must be filed within 60 days after mailing of the statement of the case, or within the remainder of the 1 year period from the mailing of notification of the determination being appealed). The Board observed that although the claims file did not currently contain any indication that the Veteran perfected that appeal, it was a reasonable possibility that any timely Form 9 he may have submitted to the RO would not yet have been associated with the claims file located at the Board. When the Veteran's appeal of other issues was again before the Board in June 2011, the claims-file available for the Board's review did not reflect that the Veteran had perfected appeals of the blood clot and gout issues.

However, an expanded claims-file is now available for the Board's review and the contents of the claims-file now include documentation that the Veteran submitted a VA Form 9 substantive appeal in November 2009 to perfect appeals of the blood clot and gout issues. The Veteran expressed that he did not want a Board hearing. Accordingly, the Board now takes jurisdiction over the issues of entitlement to service connection for blood clot in the left leg and for gout.

In June 2011, the Board issued a final decision on the Veteran's appeal seeking assignment of an increased disability rating for lumbar disability with low back pain and paraspinal muscle spasm. The Board partially granted the appeal to the extent of awarding an increase from a 20 percent rating to a 40 percent rating; the appeal was denied to the extent that the Veteran sought further increase. (The AMC issued a rating decision effectuating the Board's decision in June 2011.) The Board's June 2011 action additionally remanded the issue of entitlement to a TDIU for additional development.

The June 2011 Board decision addressing the issue of entitlement to an increased disability rating for lumbar disability with low back pain and paraspinal muscle spasm is final. 38 U.S.C.A. § 7104 (West 2002). In general, following the Board's decision on the matter, assertions by the Veteran that he is entitled to a further increased disability rating for the lumbar disability constitute a new claim of entitlement to an increased rating, not a continuation of the previously resolved appeal. The Board observes that the brief submitted by the Veteran's representative in August 2013 (documented in Virtual VA) contains assertions that the Veteran is entitled to a higher disability rating for his service-connected low back disability. This assertion of entitlement to an increased rating for the back disability, presented after the prior appeal on the issue was resolved, must be read by the Board as raising a new claim of entitlement to an increased rating for the back disability. As this new claim has not been adjudicated at the agency of original jurisdiction (AOJ) and is not in appellate status, the Board has no jurisdiction over the matter at this time. The Board hereby refers the issue of entitlement to an increased disability rating for lumbar disability with low back pain and paraspinal muscle spasm to the RO for appropriate action.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

With regard to the issues concerning service connection for blood clot of the left leg and gout, the Board finds that additional development is necessary prior to proper and adequately informed appellate review may proceed on these issues.

The Veteran is currently diagnosed with chronic bilateral ankle disabilities manifested by pain associated with gout and foot pain associated with gout (at least of the left foot), as confirmed in a December 2008 VA examination report.

The Veteran's service treatment records clearly document that he complained of painful symptoms in both of his feet and ankles at various times over his approximately 15 years of active duty service. In particular, among several other potentially suggestive service treatment reports concerning symptoms in both feet and ankles, the Board notes that a June 1984 service treatment record shows that the Veteran sought treatment for a painful and slightly swollen right great toe and that trained medical professionals suspected the possibility of gout at that time. The June 1984 service treatment report shows that a medical professional asked the Veteran if he had a history of gout, the Veteran expressed that he did not; further examination revealed that the toe was not fractured and not dislocated. The examination notes indicate "tender distal," "phalanx, slight swelling," "nail tender intact." The medical "assessment/diagnosis" was "Toe pain etiology uncertain."

The Veteran has been afforded a VA examination in connection with this claim in December 2008. However, the Board finds that the December 2008 VA examination report's etiology opinion is inadequate for the purposes of informed final appellate review. The December 2008 VA examiner concluded: "There is no medical evidence to suggest that gout can be caused by / aggravated by military service. It is a chronic inflammatory arthritis secondary to accumulation of / reaction to amino acid crystals in the joints." The December 2008 VA examiner does not appear to have contemplated or addressed the significant question raised by the evidence and contentions in this case that the Veteran's gout may have first manifested during his approximately 15 years of active duty service. The question of possible in-service onset of gout is especially raised by the documentation of symptoms and pain of both feet and ankles at various times during his service and the fact that the gout is currently characterized by painful foot and ankle symptoms.

The December 2008 VA examination report does not discuss nor appear to contemplate the documentation of potentially suggestive joint pain complaints during the Veteran's service including the June 1984 episode during which trained medical professionals actually noted consideration that the Veteran's right great toe symptoms may be suggestive of gout. The December 2008 VA examination report does not present medical findings or an etiology opinion allowing the Board to make an adequately informed determination as to whether the Veteran's current gout is at least as likely as not related to symptom manifestations documented during his active duty service; the Board is unable to determine whether it is at least as likely as not that any in-service symptoms constitute earlier manifestations of gout. The Board finds that a new VA examination report with a more adequate etiology opinion is warranted to address the questions raised by the evidence and contentions associated with the Veteran's claim of entitlement to service connection for gout.

With regard to the issue of entitlement to service connection for blood clot in the left leg, the Board notes that the Veteran has not been afforded a VA examination addressing the medical questions raised in this matter. The Board observes that the Veteran's statements in connection with the left leg blood clots claim, including his October 2008 statement, appears to associate his claimed left leg blood clot problems with significant leg pain symptoms and difficulty walking experienced during his active duty service. As discussed above, the Veteran's service treatment records document instances of symptoms involving pain in his legs, and competent lay testimony presented by the Veteran and a witness further suggests that the Veteran experienced episodes of lower extremity pain and weakness during service.

The Board finds that the Veteran should be afforded a VA examination to determine the likelihood that any current disability manifested by left leg blood clot is related to any shown in-service lower extremity pain and weakness. The Board notes that case law has held that 38 C.F.R. § 3.159(c)(4)(C) establishes a low threshold for satisfying the requirements to trigger the Secretary's duty to assist by providing a medical examination. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); Locklear v. Nicholson, 20 Vet. App. 410 (2006). The Board finds that the McLendon criteria appear to have been reasonably met in this case.

The evidence of record establishes that the Veteran has been diagnosed with deep vein thrombosis (including as documented in September 2008 VA medical records), which at least raises a need for greater medical clarification as to whether the Veteran has a chronic disability involving blood clot of the left leg. The Veteran is also competent to testify that he experiences persistent symptoms of left leg disability involving pain and weakness. The service treatment records and competent lay statements indicate the occurrence of leg pain and weakness symptomatology during service potentially pertinent to the etiology of a current left leg vascular disability. There is currently insufficient competent medical evidence on file to make a decision on this claim.

Thus, the Board finds that the McLendon criteria are met in this case. The Board finds that there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service or with a service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Under the circumstances, the Board finds that a VA examination with medical opinion is warranted for the issue of entitlement to service connection for blood clot in the left leg. Such examination should address the matter of whether the Veteran has been diagnosed with a chronic disability manifesting in blood clot in the left leg, and whether any such disability is etiologically linked to his military service.

Finally, as the Veteran's appeal for TDIU is inextricably intertwined with the other issues being remanded at this time, adjudication of the TDIU issue must be deferred until completion of the actions directed in this remand. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (stating that when a claim is inextricably intertwined with another claim, the claims must be adjudicated together in order to enter a final decision on the matter). The Board also observes that the TDIU issue may furthermore be inextricably intertwined with the referred issue of entitlement to an increased disability rating for service-connected back disability.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be scheduled for an appropriate VA examination to ascertain the etiology of his claimed gout. It is imperative that the claims file be made available to the examiner for review in connection with the examination. Any medically indicated special tests should be accomplished. (If the Veteran declines to attend any scheduled examination, a response to the questions below should nevertheless be obtained based upon the available information). Any pertinent diagnoses should be clearly reported. The examiner is asked to respond to the following:

a) Please identify each current disability diagnosed in this Veteran during the pendency of this appeal (since 2008) in connection with his complaints of gout with bilateral foot and ankle pain.

b) For each identified diagnosis in responding to the above, please clearly state whether it is at least as likely as not (a 50 percent or higher degree of probability) that the disability was manifested during military service, otherwise caused by the Veteran's service, or otherwise aggravated by the Veteran's military service. In answering this question, please discuss all relevant service and post-service treatment records. In particular, please address the service treatment records showing potentially pertinent in-service symptom complaints involving pain in his ankle and in his feet at various times during his approximately 15 years of active duty service. Please also specifically address the June 1984 report showing that trained medical professionals considered "gout" while assessing the Veteran's presentation of unexplained foot symptoms involving pain and swelling at that time.

A detailed rationale should be provided for all opinions expressed.

2. The Veteran should be scheduled for an appropriate VA examination to ascertain the nature and etiology of his claimed disability involving blood clot in the left leg. It is imperative that the claims file be made available to the examiner for review in connection with the examination. Any medically indicated special tests should be accomplished. (If the Veteran declines to attend any scheduled examination, a response to the questions below should nevertheless be obtained based upon the available information). Any pertinent diagnoses should be clearly reported. The examiner is asked to respond to the following:

a) Please identify each disability diagnosed in this Veteran during the pendency of this appeal (since 2008) manifesting in blood clot in the left leg.

b) For each identified diagnosis in responding to the above, please clearly state whether it is at least as likely as not (a 50 percent or higher degree of probability) that the disability was manifested during military service, otherwise caused by the Veteran's service, or otherwise aggravated by the Veteran's military service. In answering this question, please discuss all relevant service and post-service treatment records; please also discuss any lay statements concerning pertinent in-service and/or post-service symptomatology. In particular, please address the service treatment records and the Veteran's statements concerning in-service symptom complaints involving pain and weakness in his lower extremities at various times during his approximately 15 years of active duty service.

A detailed rationale should be provided for all opinions expressed.

3. After completion of the above and any other development indicated by the expanded record (including resolution of inextricably intertwined issues), the RO should review the claims file and readjudicate the issues on appeal. If any claim on appeal remains denied, the Veteran and his representative should be furnished an appropriate supplemental statement of the case and be afforded an opportunity to respond. Thereafter, the case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
ALAN S. PEEVY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).